# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUORDALIS V. SANDERS,**
        Petitioner,

    v.                                    Case No. 07-C-403

**PETER HUIBREGTSE,**[1]
        Respondent.

## DECISION AND ORDER

    Quordalis V. Sanders filed this petition pursuant to 28 U.S.C. § 2254. He challenges his 2005 state court conviction, after a jury trial, of lewd and lascivious behavior for exposing himself to a co-worker at his place of employment. Such conviction resulted in a 135-day sentence to run consecutive to a much longer sentence that he received for violating conditions of parole. Petitioner is currently incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Petitioner has applied to proceed in forma pauperis.

### I. IN FORMA PAUPERIS APPLICATION

    Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989).

---

[1] Petitioner named Richard A. Schneiter as respondent. However, as Peter Huibregtse is petitioner's custodian at the Wisconsin Secure Program Facility, I hereby substitute him as the proper respondent.

1

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner attests that he has no income or assets. Further, petitioner has only $5.87 in his prisoner trust account. As such, I will grant petitioner's application to proceed in forma pauperis.

## II. RULE FOUR SCREENING

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises five grounds for relief. First, he asserts that the facts alleged in his criminal complaint did not constitute the offense charged. Second, he asserts that his parole agent illegally arrested and questioned him. Third, he asserts that his trial counsel was ineffective for failing to file a motion challenging the sufficiency of the criminal complaint and the legality of the arrest. Fourth, he asserts that the evidence presented at his trial was insufficient to support his conviction. Fifth, he asserts that the jury instructions were defective.

Petitioner was convicted under Wis. Stat. § 944.20(1)(b), which criminalizes "[p]ublicly and indecently expos[ing] genitals or pubic area." Petitioner's first, fourth and fifth claims arise from his belief that an exposure to a single person is not indecent or public. However, the state courts have disagreed and I see no federal constitutional claims arising out of such determination. The criminal complaint stated that petitioner's co-worker reported that

petitioner exposed himself to her at their place of employment. At trial, the State presented evidence that petitioner exposed himself to his co-worker primarily through the testimony of the victim. It also presented a supervisor's testimony that the victim reported the exposure right away and was visibly upset, and presented petitioner's own statement. Finally, the court recited the standard jury instructions, stating that an exposure is "public" where it is done "in such a place or manner that the person knows or has reason to know that the conduct is observable by or in the presence of other persons." Wis JI-Criminal 1544. On habeas review, I cannot review state law determinations and I see no reason that a state law criminalizing the exposure of one's genitals to a single unwitting individual would offend the United States Constitution. As such, petitioner's first, fourth and fifth claims are not cognizable in a habeas petition and are plainly meritless.

As to petitioner's second claim, petitioner argues that he was arrested by his parole agent without an arrest warrant and illegally questioned. Liberally construing the petition, this raises two possible claims – one regarding the arrest, and another regarding the questioning. The illegal arrest claim is virtually indistinguishable to one that petitioner recently made in a 42 U.S.C. § 1983 case challenging his parole revocation. See Sanders v. Schloercke, No. 06-C-1017 (E.D. Wis. Nov. 3, 2006) (summarily dismissing the complaint). In that case, the court determined that Wisconsin's Department of Probation and Parole may initiate proceedings against a parolee without first filing a criminal complaint with a court under state law, and that such procedure does not offend the United States Constitution. Pursuant to the doctrine of res judicata and because I conclude that the § 1983 court was

correct as a matter of law, I conclude that the parole agent's taking custody over petitioner raises no constitutional claim.[2]

Turning to petitioner's illegal questioning claim, petitioner apparently made an inculpatory statement to his parole agent that was admitted at petitioner's trial. Petitioner challenged the admission of such statement on Miranda-Goodchild grounds, but the challenge was rejected. I conclude that petitioner's illegal questioning claim does raise a cognizable constitutional claim and will permit it to proceed.

Finally, petitioner's third claim – that his trial counsel was ineffective – is plainly meritless. Petitioner argues that his trial counsel should have challenged the sufficiency of the criminal complaint and the legality of the parole agent's arrest of him. As I have already found that these underlying claims are meritless, it is plain that petitioner cannot show that his counsel was ineffective for failing to raise them.

**THEREFORE, IT IS ORDERED** that Peter Huibregtse is substituted as the proper respondent in this case.

**FURTHER, IT IS ORDERED** that Quordalis V. Sanders's petition for a writ of habeas corpus is permitted to proceed only as to his claim that his parole agent illegally questioned him.

**FURTHER, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

---

[2]Petitioner argues that because the sheriff's department wanted to arrest him, they had to obtain an arrest warrant rather than relying on petitioner's parole agent. However, where petitioner's parole agent clearly had a parole-related reason to bring petitioner in for questioning, the Constitution does not require such agent to wait for the sheriff's department to take action.

4

Case 2:07-cv-00403-LA   Filed 07/24/07   Page 4 of 6   Document 4

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 24 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge