# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUORDALIS V. SANDERS,**
        **Petitioner,**

   v.                                                                 **Case No. 07-C-403**

**PETER HUIBREGTSE,**
        **Respondent.**

## DECISION AND ORDER

State prisoner Quordalis V. Sanders filed this petition pursuant to 28 U.S.C. § 2254. He challenges his 2005 state court conviction, after a jury trial, of lewd and lascivious behavior for exposing himself to a co-worker at his place of employment. Petitioner raised five grounds for habeas relief, but upon screening the petition pursuant to Rule Four of the Rules Governing § 2254 Cases, I found that four of these were plainly meritless. I ordered respondent to respond only to petitioner's claim that the trial court had inappropriately admitted coerced inculpatory statements.

## I. BACKGROUND

On December 29, 2004, a coworker accused petitioner of exposing his genitals to her. Petitioner was on parole at the time and petitioner was taken into custody for violating the terms of parole that same day. While he was in custody, a sheriff's deputy apprised petitioner of his <u>Miranda</u> rights and questioned him about the incident. Petitioner signed a written statement to the effect that he had believed that his coworker wanted to see his penis. Then, "[w]hen she saw my penis she just walked away and then Juanita came over and told me to leave the building immediately." (Answer Ex. G Ex. B.) Prior to his trial, petitioner moved for the court to suppress his statement but the court denied his motion. At

1

petitioner's trial, the State presented the victim's testimony as well as petitioner's statement. Petitioner did not testify on his own behalf. The jury convicted petitioner of violating Wis. Stat. § 944.20(1)(b).

The Wisconsin Court of Appeals affirmed petitioner's conviction. Relevant to petitioner's argument that his statement was coerced because made under the threat of a parole revocation, the court stated:

> The parole officer placed Sanders on a parole hold arising out of an alleged violation of his parole rules. . . . The parole hold placed Sanders in the Racine County jail. Thereafter, a Racine County Sheriff's Deputy met Sanders at the jail to speak about the allegation that he exposed himself. . . .
>
> Sanders argues that his confession should have been suppressed. We disagree. Sanders was not illegally present in the jail at the time he gave his statement; he was on a parole hold. Additionally, prior to the start of the jury trial, the circuit court held a Miranda/Goodchild hearing. At the hearing, the sheriff's investigator testified about the circumstances under which Sanders gave his inculpatory statement; Sanders did not testify. The circuit court found that the Miranda rights were properly given and waived, the investigator did not say anything to lead Sanders to believe that his statement would not be used to prosecute him in addition to being shared with his parole officer, and Sanders was not coerced or confused when he gave his statement.

(Answer Ex. B at 3-4.)

## II. DISCUSSION

A district court may grant habeas relief only if the state court decision under review was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision is "contrary to" Supreme Court precedent if it misstates and contradicts governing Supreme Court law or confronts a set of facts that are "materially indistinguishable" from the facts of a Supreme Court case and "nevertheless arrives at different result." Id. at 405-06. A state court decision involves an "unreasonable application"

2

of Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407-08; Dixon v. Snyder, 266 F.3d 693, 700 (7th Cir. 2001). Under the unreasonable application prong, "substantial deference is due state court determinations." Searcy v. Jaimet, 332 F.3d 1081, 1089 (7th Cir. 2003).

The Supreme Court has suggested that if a state requires a defendant to answer a probation officer's incriminating questions upon threat of probation revocation, it may not use the answers in a subsequent criminal trial. Minn. v. Murphy, 465 U.S. 420, 435 (1984); see also State v. Thompson, 142 Wis. 2d 821 (Ct. App. 1987) ("Supreme Court cases indicate that a state may validly insist that a probationer answer incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination."). In Murphy, there was no evidence that the probation agent had actually threatened the defendant with revocation for refusing to answer his questions and thus the Court found no constitutional violation. 465 U.S. at 437. In Thompson, the Wisconsin Court of Appeals found a Murphy violation where a probation officer explicitly threatened the defendant with revocation if the defendant failed to answer incriminating questions and the officer failed to give the defendant a Miranda warning or otherwise explain to the defendant that his statements could be used against him in a criminal trial. 142 Wis. 2d at 829-30.

Petitioner cites to Thompson in support of his claim that his statements were coerced. However, assuming that Thompson was dictated by Murphy's clearly established law, petitioner's case is distinguishable. Petitioner made his statements in response to questioning by a sheriff's deputy investigating a criminal matter rather than a parole or

3

probation agent investigating a rule violation; the deputy gave petitioner proper Miranda warnings before taking his statement; and there is no evidence that either petitioner's parole agent or the deputy threatened petitioner with loss of liberty for merely refusing to answer the deputy's statements. Petitioner asserts that the deputy questioned him on behalf of his parole agent. However, the Wisconsin Court of Appeals apparently rejected this argument and petitioner points to no evidence backing it up. Petitioner may well have been concerned about the effect that anything that he said would have on his parole, but this does not render his statement coerced. See United States v. Cranley, 350 F.3d 617, 622 (7th Cir. 2003) (stating that "fear of revocation is not a ground for ruling that a probationer's confession deprived him of his Fifth Amendment privilege"). As such, the Wisconsin Court of Appeals' determination that petitioner made his statements voluntarily represents an imminently reasonable application of Supreme Court law.

**Therefore,**

**IT IS ORDERED** that Quordalis V. Sanders's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23 day of January, 2008.

/s_____
 LYNN ADELMAN
 District Judge